IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MANUEL JOSEPH HERNANDEZ,      §
                              §
              Petitioner,     §
                              §
VS.                           §
                              §            A-07-CA-821  SS
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal  §
Justice, Institutional Division §
                              §
              Respondent.     §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Petition For a Writ of Habeas Corpus by a Person in State Custody (Clerk's Dkt. #1), Respondent's Answer with Brief in Support (Clerk's Dkt. #10) and Petitioner's Traverse to the Respondent's Answer (Clerk's Dkt. #15).  For the reasons set forth below, petitioner's application for writ of habeas corpus should be denied.

## I.  PROCEDURAL HISTORY

Petitioner Manual Joseph Hernandez ("Hernandez") was convicted of burglary of a habitation by a jury in the 147th Judicial District Court for Travis County, Texas.  Punishment was assessed at ninety-nine years confinement.  Judgment was entered on July 16, 2003.  Petitioner's sentence and conviction were affirmed on appeal.  *State v. Hernandez*, No. 03-03-00456-CR (Tex. App.–Austin Aug. 26, 2005).  The Texas Court of Criminal Appeals denied Petitioner's motion for

extension of time to file a petition for discretionary review.  *Hernandez v. State*, P.D.R. No. 1700-45 (Nov. 2, 2005).

Hernandez also sought state post-conviction relief in an application for writ of habeas corpus.  The Texas Court of Criminal Appeals dismissed the application for noncompliance with appellate rules.  *Ex parte Hernandez*, No. 65,299-01 (Tex. Crim. App. July 26, 2006).  Petitioner thereafter filed a second application for state post-conviction relief.  The Texas Court of Criminal Appeals dismissed the application without written order on the findings of the trial court without hearing.  *Ex parte Hernandez*, No. 65,299-02 (Tex. Crim. App. Oct. 11, 2006).  Petitioner also filed a third application for state post-conviction relief.  The Texas Court of Criminal Appeals dismissed the application as a subsequent application.  *Ex parte Hernandez*, No. 65,299-03 (Tex. Crim. App. Sept. 12, 2007).  Hernandez then filed this federal petition for habeas corpus relief.

## II.  ISSUES RAISED

Hernandez raises eleven issues in attacking his conviction and sentence in fourteen grounds for relief.   Specifically, he claims: (1) the evidence was insufficient to support his conviction; (2) he is actually innocent; (3) the state constructively amended the indictment at trial; (4) the prosecutor suppressed material exculpatory evidence at trial; (5) he was denied his right to confrontation of witnesses; (6) the prosecutor knowingly used perjured testimony and false evidence in obtaining his conviction; (7) the state was allowed to use an illegally taped phone call; (8) the sentencing phase of trial was tainted by jury misconduct; (9) he was denied due process and his right to counsel during three crucial stages of the proceedings against him; (10) he was denied the effective assistance of counsel; and (11) the trial judge violated his rights under the Eighth Amendment by accepting and imposing a ninety-nine year sentence from the jury.

### III.  STANDARD OF REVIEW

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA").   Under the AEDPA, a habeas petitioner may not obtain relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  A state court decision is entitled to deference unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2001).  A presumption of correctness attaches to factual determinations made by a state court.  28 U.S.C. § 2254(e)(1).  A habeas petitioner must rebut this presumption by clear and convincing evidence.  *Id.*; *Ladd v. Cockrell*, 311 F.3d 349, 352 (5th Cir. 2002).

### IV.  ANALYSIS

Respondent has filed an answer in which he maintains all of Petitioner's claims should be dismissed because they are procedurally barred from review.

**A.  Sufficiency of the Evidence**

In his first two claims Johnson maintains the evidence presented at trial was legally and factually insufficient to support his conviction.  Texas law precludes a defendant from challenging the sufficiency of the evidence in an application for writ of habeas corpus.  *Ex Parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte McClain,* 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  A state prisoner who fails to present such a claim to the Texas Court of Criminal Appeals in a petition for discretionary review is procedurally barred from raising the issue in state court and cannot obtain federal habeas relief on that basis.  *See West v. Johnson,* 92 F.3d 1385, 1398 n.18 (5th Cir. 1996); *Renz v. Scott,* 28 F.3d 431, 432 (5th Cir. 1994).  *See also Sawyer v. Whitley,* 505 U.S. 333, 338, 112 S. Ct. 2514, 2518 (1992) (federal court may not consider merits of habeas claim if state court has denied relief due to procedural default); *Ellis v. Lynaugh,* 873 F.2d 830, 837-38 (5th Cir. 1989) (same).

A review of the state records reveals Petitioner challenged both the legal and factual sufficiency of the evidence to support his conviction in his direct appeal.  Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases.  *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979).  *Id.*  Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."  *Id.*  The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority.  *Id*. at 129-30; *Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994).  However, while Texas

has permitted factual sufficiency reviews, under authority derived from Texas law, there is no corresponding federal right to such reviews under the United States Constitution.  Under settled Fifth Circuit authority, a state may impose a more exacting standard for determining the sufficiency of the evidence but challenges to state convictions under § 2254 need only satisfy the *Jackson* standard.  *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996); *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990); *Jones v. Butler*, 864 F.2d 348, 361 (5th Cir. 1988).  Accordingly, Petitioner's claim attacking the factual sufficiency of the evidence is not cognizable in federal habeas proceedings.

As noted above, Petitioner did not timely file a petition for discretionary review. In his traverse to Respondent's answer Petitioner asserts that his procedural default should be excused because he was prevented from filing a petition for discretionary review, despite seeking permission to file an out-of-time petition from the Texas Court of Criminal Appeals.  He does not, however, provide an explanation for his inability to timely file his petition.  Nor does Hernandez cite any cases which hold a petitioner's dilatory conduct in seeking discretionary review is a sufficient basis to excuse procedural default.  Petitioner's failure to present his claim attacking the sufficiency of the evidence to the Texas Court of Criminal Appeals prior to his state habeas application is insufficient to preserve the issue for federal habeas relief.  *See Kittelson v. Dretke*, 426 F.3d 306, 317 n.26 (5th Cir. 2005) (noting under Texas law, prisoner cannot seek habeas review of sufficiency of evidence claim that was available but not raised on direct appeal); *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386, 124 S. Ct. 1847 (2004) (when defendant fails to properly exhaust claims based on sufficiency of the evidence, court may find claims procedurally barred if the "time to file a petition for discretionary review has expired").  Accordingly, the Magistrate Court finds Petitioner is not able to seek federal habeas relief on his claims attacking the sufficiency of the evidence in this action.

**B.  Actual Innocence**

Hernandez next asserts he is actually innocent.  He asserts this claim both as a basis for habeas relief and as an excuse for his procedural default of other claims.  Respondent argues this claim is  procedurally barred from review because Petitioner did not raise it in his state application for post-conviction relief.  Respondent also contends Hernandez is not entitled to relief on this basis and thus cannot use his alleged actual innocence as an excuse for his procedural default.

State prisoners seeking federal habeas relief are required first to exhaust their claims in state court.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court. *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971); *Fisher,* 169 F.3d at 302.  Thus, the petitioner must present his claims to the state courts in a procedurally correct manner.  *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988).  Further, a claim is deemed "fairly presented" in state court only if the petitioner relies upon identical facts and legal theories in both the state court proceeding and the action for federal habeas relief, thereby alerting the state court to the federal nature of the claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 887-88 (1995); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001).

Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2003).[1]  This statute

---

[1]  The statute provides, in relevant part:

(a)  If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

 (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the

constitutes an adequate state procedural bar for purposes of federal habeas review. *Barrientes v. Johnson*, 221 F.3d 741, 759 (5th Cir. 2000) (citing *Ex parte Barber*, 879 S.W.2d 889, 892 n.1 (Tex. Crim. App. 1994)).  The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under Article 11.07.  *See Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1 (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (Texas abuse of the writ doctrine constitutes adequate state procedural ground barring federal habeas review of claim).

A review of the state court records reveals Hernandez did not raise his claim of actual innocence either on direct appeal or in any of his state applications for post-conviction relief.  The Magistrate Court concludes a Texas court, presented with this claim in a successive habeas petition, would find it barred under Article 11.07, as the Texas Court of Criminal Appeals did with all of the claims raised in Petitioner's third state habeas application.  Consequently, federal habeas review of Hernandez' claim of actual innocence is procedurally barred from federal habeas review. *Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1; *Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997).

Hernandez further contends his claim of actual innocence should be considered as cause for excusing procedural default of his other claims.  This argument fails, however, because Petitioner has not presented a viable claim of actual innocence.  A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *Herrera v. Collins,* 506 U.S. 390, 400,

---

factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

  (2)  by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4(a) (Vernon 2005).

113 S. Ct. 853, 860 (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). *See also Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) (concluding recent Supreme Court authority did not change law to recognize validity of stand-alone actual-innocence claims). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Dowthitt,* 230 F.3d at 741.

Here, Petitioner has failed to establish an underlying constitutional violation. Nor is there any affirmative evidence of his innocence. Rather, Hernandez asserts the evidence presented at trial was insufficient to establish his guilt. Accordingly, Petitioner has not shown he is entitled to habeas relief on this ground nor is this claim sufficient to excuse his procedural default.

**C.  Amendment of Indictment**

Hernandez further alleges the state constructively amended the indictment at trial. Respondent correctly points out this claim was not raised by Petitioner either in a petition for discretionary review or in any of his state habeas applications. In his traverse to Respondent's answer Hernandez maintains his failure to raise this claim at trial and on appeal on the ineffectiveness of his counsel. However, he provides no explanation for his failure to raise the claim in the state post-conviction process. Accordingly his claim of a coerced confession is procedurally barred from federal habeas review. *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (noting court has long held Texas statute governing successive state habeas applications is adequate and independent state procedural ground to bar federal habeas review).

**D.  Suppression of Evidence**

Hernandez next maintains the prosecutor suppressed material exculpatory evidence at trial. A review of the state court records reveals Petitioner did not raise this claim either on direct appeal or in his first two state habeas applications. He does, however, refer to the suppression of exculpatory evidence in his third application, although the underlying facts are somewhat unclear.

As discussed above, Hernandez' third application was dismissed as successive.  Accordingly, he failed to properly present this claim to the Texas state courts and it is procedurally barred from review in this court.  *Smith*, 216 F.3d at 523.

### E.  Confrontation of Witnesses

Petitioner further asserts he was denied his right to confrontation of witnesses.  Respondent argues this claim is procedurally barred.  Hernandez disagrees, arguing he raised this claim in his first application for state post-conviction review.  A review of that application indicates Petitioner raised two claims, one based on the ineffectiveness of his counsel and the other contending he was denied his right to file a petition for discretionary review.[2]  The records reveal Hernandez did not raise this claim until his third application for state post-conviction relief.  Because that application was dismissed as successive, this claim for relief is procedurally barred from review.  *Smith*, 216 F.3d at 523.

### F.  Prosecutorial Misconduct

Hernandez also claims  the prosecutor knowingly used perjured testimony and false evidence in obtaining his conviction.  As with his claim based on denial of his right to confrontation of witnesses, Respondent argues this claim is procedurally barred and Hernandez asserts it is not because he raised it in his first state habeas application.  As set forth above, this claim was not raised in that application, rather it was raised in Petitioner's third state application.  It is, therefore, procedurally barred from review in this action.

### G.  Use of Illegally Obtained Evidence

Hernandez next claims the state was allowed to use an illegally taped phone call during trial.  Although Petitioner raised this claim on appeal, because he did not file a petition for discretionary

___

[2]  Moreover, as noted above, Petitioner's first application was dismissed as violative of the appellate rules.  Thus, even if this claim was raised in that application, it was not properly presented and would be subject to procedural bar on that basis..

review, the claim was not presented to the Texas Court of Criminal Appeals on direct appeal. Rather, Hernandez did not assert the claim to the Texas Court of Criminal Appeals until his third application for state post-conviction relief.  That application was dismissed as successive.  This claim for relief is, therefore, also procedurally barred from review.  *Smith*, 216 F.3d at 523.

## H.  Jury Misconduct

Hernandez further argues the sentencing phase of trial was tainted by jury misconduct. Respondent maintains this claim is procedurally barred because it was never presented by Petitioner to the Texas Court of Criminal Appeals.  In his traverse, Hernandez implicitly concedes he did not raise present this claim to the Texas Court of Criminal Appeals, but contends his procedural default should be excused due to the ineffective assistance of his counsel at trial and on direct appeal.  As noted above, however, Petitioner's argument does not explain his failure to raise this claim in any of his applications for state post-conviction relief.  Accordingly, because this claim is unexhausted, and a fourth application for state habeas relief would likely be deemed successive, this claim is barred from federal habeas review.

## I.  Denial of Due Process and Counsel

Hernandez also contends he was denied due process and his right to counsel during three crucial stages of the proceedings against him.  Respondent asserts this claim is also procedurally barred because it was never presented by Petitioner to the Texas Court of Criminal Appeals.  In his traverse Hernandez argues his procedural default should be excused because his appellate attorney failed to raise this argument.  Again, Petitioner's explanation does not address his failure to assert this claim in any of his state habeas applications.  Accordingly, this claim is also procedurally barred from federal habeas review.

**J.  Ineffective Assistance of Counsel**

Petitioner next maintains he was denied the effective assistance of counsel both at trial an on appeal.  Specifically, he asserts over thirty separate bases for this claim, grouping these errors chronologically into the stages of pretrial, trial, punishment phase, motion for new trial and direct appeal.  Once again, Respondent argues these claims are procedurally barred from federal habeas review.

Hernandez first raised his claims concerning the ineffectiveness of his counsel at the pretrial, trial and punishment stages of the proceedings in his third application for state post-conviction relief.  Once again, he blames the delay in raising these claims on the ineffectiveness of his appellate counsel.  However, Petitioner has not shown how this error excuses his failure to raise these claims in his second, properly presented state application.

Hernandez did not raise his claim that his counsel was ineffective in the motion for new trial proceeding in any of his state court filings.  Accordingly, this claim is unexhausted and Petitioner's continued attempt to excuse his procedural default as the result of his counsel's failure is once more unavailing.

Hernandez did attack the effectiveness of his appellate counsel in his second, properly presented, state application for post-conviction relief.  However, in that application he contended appellate counsel erred in not timely informing him of the rejection of his appeal, thus impairing his ability to file a petition for discretionary review.   In this federal petition Hernandez asserts his appellate counsel erred in not asserting all of the claims he raises in seeking federal habeas relief.  Because he did not assert those claims in a properly presented application for state post-conviction relief, they are procedurally barred from federal habeas review.

11

**K.  Eighth Amendment Violation**

Hernandez finally argues the trial judge violated his rights under the Eighth Amendment by accepting and imposing a ninety-nine year sentence from the jury.  Although Petitioner asserts he raised this claim on direct appeal, the state court record refutes that claim.  A review of the record instead reveals Hernandez first raised this claim in his third application for state post-conviction relief.  As that application was dismissed as successive, this claim is procedurally barred from federal habeas review.

## VI.  RECOMMENDATION

The Magistrate Court recommends the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody.

## VII.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th  day of June, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE